FILED
2010 JUL -2 AM 8:25
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ANTHONY BATEY LARGO,<br><br>Plaintiff,<br>vs.<br><br>CITY OF NATIONAL CITY; NATIONAL CITY POLICE DEPARTMENT; JOSHUA LINEBERRY; ADOLFO GONZALES, and DOES 1-30, inclusive,<br><br>Defendants. | CASE NO. 09-cv-1639 BEN (WVG)<br><br>ORDER GRANTING MOTION TO AMEND TO ADD A DEFENDANT<br><br>[Dkt. No. 24] |

## INTRODUCTION

Plaintiff Omar Anthony Batey Largo seeks leave to amend his Complaint to add a party defendant ("Motion"). [Docket No. 24.] Defendants filed an opposition and Plaintiff filed a reply. The Court finds the Motion suitable for disposition on the papers, without oral argument, pursuant to Local Civil Rule 7.1.d. For the reasons set forth below, the Court hereby **GRANTS** the Motion and allows Plaintiff to amend the complaint to add Ryan Stinnett as a defendant.

## BACKGROUND

On September 24, 2009, Plaintiff filed a First Amended Complaint ("FAC"), the operative complaint in this action.

According to the allegations of the FAC, Plaintiff was taken into custody by National City police officers responding to a complaint for domestic disturbance. [FAC ¶ 3.] Plaintiff alleges police officers called him racial slurs and caused him to suffer injury, including black-outs,

migraines, humiliation and fear. [FAC ¶¶ 5 and 7.] Plaintiff further alleges Defendants obtained "spit masks," pulling one over Plaintiff's face suffocating him, and the other over his eyes rendering him unable to see. [FAC ¶ 5.] Defendants also allegedly delayed in providing medical care. [FAC ¶ 5.] The FAC asserts a claim under 42 U.S.C. § 1983 based on alleged violations of the First, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as claims for assault and battery, false imprisonment, and negligence. [Dkt. No. 3.]

The FAC names Officer Lineberry as the defendant responsible for the alleged physical violence. [FAC ¶ 5.] Plaintiff identifies Stinnett as an officer present at Plaintiff's holding cell at the time of the alleged misconduct and one who engaged in calling Plaintiff racial slurs. However, Plaintiff does not name Officer Stinnett as a defendant. [FAC ¶ 5.] Plaintiff now seeks to add Officer Stinnett as a Defendant in this action.

On January 29, 2010, the Honorable William V. Gallo issued a scheduling order stating, in part, that "[a]ny motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before March 1, 2010." Plaintiff filed the instant Motion to amend his pleading after the scheduling order deadline.

## DISCUSSION

Plaintiff moves to amend his pleading to add a defendant, which implicates Federal Rules of Civil Procedure 15 and 16. Under Rule 15(a)(2) "[t]he court should freely give leave when justice so requires." Because Plaintiff seeks to amend after the deadline to amend the pleadings, Rule 16 is also implicated. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992). Rule 16(b)(4) provides, in pertinent part, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

**A. Good Cause**

Defendants argue that Plaintiff cannot show "good cause" within the meaning of Rule 16(b)(4) for a modification of the scheduling order. The court in *Johnson* found the standard of "good cause" under Rule 16(b) "primarily considers the diligence of the party seeking the amendment," explaining good cause means scheduling deadlines cannot be met despite the party's diligence. *Johnson*, 975 F.2d at 609.

Defendants argue Plaintiff did not act with diligence when he neglected to name Stinnett as a defendant in the FAC because Plaintiff received Stinnett's arrest report before the March 1, 2010 amendment deadline. Defendants rely on *Johnson*, which held that because plaintiffs were aware of the proper defendant before the deadline, they could not establish the required diligence. *Id.* at 607. However, in this case, Plaintiff explains that he was unaware that it was officer Stinnett who allegedly battered Plaintiff until a deposition on May 6, 2010. Plaintiff then filed the instant Motion on May 19, 2010 to add Stinnett as a defendant. The Court finds that Plaintiff has shown good cause to amend the FAC.

### B. Defendants Will Not Be Unduly Prejudiced

Defendants argue they will be unduly prejudiced if the Court grants Plaintiff's Motion. "Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999); *see also AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

Prejudice can be shown by undue delay caused by bringing a motion so late in the course of proceedings as to greatly alter the nature of the litigation. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). In this case, the deadline to amend the Complaint is the only scheduling deadline that has passed. Discovery is still on-going and Defendants have not filed a motion for summary judgment that would result in delaying the adjudication of this case. *See Matsomoto v. Republic Ins. Co.*, 792 F.2d 869, 871 (9th Cir. 1986). The court finds that adding Stinnett as a defendant at this stage will not cause undue delay, will not unduly prejudice the Defendants, and there is no evidence the amendment is made in bad faith or would be futile.

//
//
//
//
//
//

## CONCLUSION

For the reasons set forth above, Plaintiff's motion seeking leave to amend to add Ryan Stinnett as a defendant is **GRANTED**. Plaintiff may file a Second Amended Complaint adding Stinnett within 10 days of this Order.

**IT IS SO ORDERED.**

Date: July 1, 2010

Hon. Roger T. Benitez
United States District Court